LaCROIX *v.* GRAND TRUNK WESTERN
RAILROAD COMPANY.

1. RAILROADS—TRESPASS—STATUTES—INSTRUCTION.
    Instructions to jury relative to railroad right-of-way trespass statute and its application to the facts in action by truck driver who, after drinking intoxicating liquor, had driven his truck some 45' west on railroad's right-of-way and then returned to crossing at 3:55 a.m. before being hit by defendant's diesel engine *held,* when viewed in its entirety, to be clear, fair, proper, and amply supported by the record (CL 1948, § 469.421).

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial § 539 *et seq.*
[2] 53 Am Jur, Trial § 512.
[3] 38 Am Jur, Negligence §§ 362, 366.

2. SAME—REQUEST TO CHARGE—EVIDENCE—WILFUL AND WANTON MISCONDUCT.

Plaintiff's request to charge relative to wilful and wanton misconduct by defendant railroad was properly denied, where there was no evidence that conduct of railroad employees was either wilful or wanton, it being the function of the jury to determine the issues in a case on the basis of the facts found to be established by the proofs.

3. SAME—INSTRUCTIONS—SUBSEQUENT NEGLIGENCE.

Instructions relative to subsequent negligence in action against railroad company for injuries plaintiff sustained *held,* properly given and supported by the record.

Appeal from St. Clair; Streeter (Halford I.), J. Submitted Division 2 October 6, 1965, at Lansing. (Docket No. 32.) Decided January 11, 1966. Leave to appeal granted by Supreme Court March 23, 1966. See 377 Mich 706, 379 Mich 417.

Declaration by Walter H. LaCroix against Grand Trunk Western Railroad Company, a Michigan corporation, for injuries sustained when plaintiff's car was struck by defendant's train. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Peter E. Bradt,* for plaintiff.

*Earl C. Opperthauser,* for defendant.

WATTS, J. This is a civil suit brought by plaintiff, Walter H. LaCroix, against the Grand Trunk Western Railroad Company, a corporation, for damages arising from personal injury when his automobile was struck by a diesel railroad engine. Judgment was entered for the defendant, and plaintiff appeals. The case was transferred to the Court of Appeals by order of the Supreme Court on October 14, 1964.

Andrew Gray was the engineer and Carl Harmon was the fireman on a Grand Trunk Western Railroad Company 8-car train which was involved in an acci-

dent at 3:55 a.m. on April 25, 1958, in the vicinity of Bartlett road crossing and the Grand Trunk railroad tracks in Kimball township, St. Clair county, in which plaintiff LaCroix was seriously injured. Gray and Harmon testified in the instant case. Plaintiff LaCroix's memory was erased by trauma, and he had no knowledge of how his injuries occurred or how his automobile came upon the railroad tracks.

When the train was approximately 1–1/2 to 2 miles from Bartlett road crossing, engineer Gray observed 2 lights, which appeared to be classification lights on a westbound train with headlights out, standing at a railroad siding, waiting for the eastbound train to pass. Approximately 680 feet west of Bartlett road crossing, Gray and Harmon determined there was a vehicle on the eastbound main line tracks with headlights on, at which time the brakes on the train were put in emergency operation and the train came to a stop within 2,000–2,800 feet. The engine collided with the automobile and after the accident, he (Gray) saw plaintiff's motor vehicle in a ditch approximately 50 feet east of Bartlett road crossing and 8 feet north of the north rail of the main line eastbound tracks. He further observed the members of the crew administering artificial respiration to an injured person.

Carl Harmon, the fireman on defendant train, observed lights ahead and mentioned to the engineer, "They must be running an extra tonight, there is one in the hole waiting for the single track." At approximately 700 feet from Bartlett road crossing, he (Harmon) observed that the lights were from a motor vehicle and the brakes on the train were applied. Just before the collision of the train with the motor vehicle, he observed a person standing at the crossing just north of the north rail of the eastbound main

line. After the accident, he observed the automobile approximately 45 feet east of Bartlett road crossing and a person in the water just north of the automobile, completely submerged with the exception of his nose and mouth. The person was later identified as plaintiff, Walter H. LaCroix, who was given artificial respiration and taken by ambulance to a hospital. The motor vehicle was a 1955 Chevrolet 2-door sedan identified as belonging to LaCroix. A broken flashlight was found in the vicinity of the intersection of the railroad tracks and Bartlett road crossing.

There is competent testimony that after LaCroix had been drinking intoxicants, he drove a motor vehicle on defendant's railroad tracks for approximately 45 feet west of the public crossing. The vehicle became stuck on the tracks and LaCroix removed himself from the automobile to a position at the crossing approximately 45 feet in front of the stalled vehicle.

Plaintiff's counsel contends that LaCroix's 1955 Chevrolet automobile became stuck straddling the north rail of defendant's eastbound main line approximately 45 feet west of Bartlett road crossing in St. Clair county. The car had its lights on and was pointed down the track toward the west so that the lights were visible to the engine crew of defendant's eastbound train. The engine crew failed to keep a proper lookout ahead and did not discover the car on the tracks until it was too late to avoid an accident, resulting in injuries to LaCroix and damage to his automobile.

Defense counsel contends that LaCroix drove his automobile from Bartlett road crossing west on the Grand Trunk main line tracks for a distance of approximately 45 feet and that the plaintiff had plenty

of time to remove himself from an obvious position of danger to a place of safety.

Defense counsel further contends that engineer Gray and fireman Harmon had reason to believe the white lights which they observed for the first time approximately 1–1/2 to 2 miles from Bartlett road crossing were classification lights on a train waiting on the other track. The brakes on the train were immediately applied when the engineer and the brakeman determined that the lights were from a motor vehicle. Further, the engine crew was not negligent and had no reason to anticipate the negligent conduct of LaCroix.

Defense counsel further contends that under all circumstances the plaintiff knew more about the perilous position of himself and his car than the trainmen. Applying the same standard of care to each, there can be no negligence found on the part of the trainmen without there also being equal or greater negligence on the part of the plaintiff, which would bar all recovery in the instant case.

Plaintiff's counsel stated in his brief that this appeal would be limited to the court's instructions on subsequent negligence, wilful and wanton misconduct, and trespass. The transcript was limited to the testimony of defendant's claim agent, engine crew, a portion of the testimony of one of its brakemen, the instructions given to the jury and plaintiff's objections thereto. At the request of defendant, the testimony of plaintiff's wife's uncle was also included.

Plaintiff's counsel stated the issues in the instant case as follows:

"Was it reversible error for the court to instruct the jury that a 'violation' of the so-called trespass statute (CL 1948, § 469.421 [Stat Ann § 22.1231]) was negligence?

"Was it reversible error for the court to refuse to instruct the jury on wilful and wanton misconduct?"

The court instructed the jury on the trespass statute as follows:

"A Michigan statute states no person shall have authority to go upon or across railroad tracks or right-of-way at any place other than a public or private crossing provided that the provisions of this act shall not apply to any person going upon such right-of-way or tracks to save human life or to protect property. A violation of a statute is negligence. If you find that Mr. LaCroix violated this statute and that his negligence in so doing was a proximate cause of his injuries, there can be no recovery in this case. If you find that Mr. LaCroix violated this statute but that such violation was not a proximate cause of his injuries, his violation of the statute would not prevent his recovery of damages in this case if you find the defendant to have been negligent and that defendant's negligence was a proximate cause of plaintiff's injuries.

"A person may go upon or cross railroad tracks or right-of-way at a public or private crossing* and may go upon such right-of-way or tracks to save human life or to protect property."

The court's instructions to the jury relative to the trespass statute and its application to the facts in the instant case when viewed in their entirety are clear, fair, proper, and amply supported by the record. *Kaminski* v. *Grand Trunk W. R. Co.* (1956), 347 Mich 417; *Cree Coach Co.* v. *Wolverine Insurance Co.* (1962), 366 Mich 449; *Huffman* v. *First Baptist Church of Flushing* (1959), 355 Mich 437.

---

* In 1917, PA 1917, No 245, was enacted to prevent trespassing on the rights-of-way and tracks of railroad companies operating lines within the confines of any city or village of this State, or to go upon or cross such tracks or right-of-way at any place other than a public or private crossing. CL 1948, § 469.421 (Stat Ann § 22.1231).

At the conclusion of the testimony, the court proceeded to charge the jury on the various theories of the parties to the litigation.   Counsel for plaintiff-appellant requested the court to instruct the jury on wilful and wanton misconduct.   The court refused to give the instruction requested by counsel.

It was the function of the jury to evaluate the testimony and determine issues in the case on the basis of the facts found to be established by the proofs. There is no evidence before the jury that would permit them to find as a fact that defendant-railroad employees' conduct was either wilful or wanton.

One of the court's concluding instructions to the jury dealt with subsequent negligence; the instruction was properly given and supported by the record.

We find no reversible error in the instant case. Judgment for defendant affirmed.   Costs to defendant-appellee.

QUINN, P. J., and McGREGOR, J., concurred.